IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIA SLOOP | |
| Plaintiff, | |
| vs. | Civil Action No. 2:08-CV-925-MEF |
| HYUNDAI POLYTECH AMERICA COMPANY, INC. | |
| Defendant. | |

## ANSWER OF DEFENDANT HYUNDAI POLYTECH AMERICA COMPANY, INC.

Defendant Hyundai Polytech America Company, Inc. ("Defendant"), by and through its counsel of record, responds to the Plaintiff's Complaint, as follows:

1. The allegations in paragraph 1 of the Complaint are statements of law and do not appear to require a response from Defendant. However, to the extent a response may be required, the allegations of paragraph 1 of the Complaint are denied and strict proof thereof demanded.

2. The allegations in paragraph 2 of the Complaint are statements of law and do not appear to require a response from Defendant. However, to the extent a response may be required, the allegations of paragraph 2 of the Complaint are denied and strict proof thereof

demanded.

3. The allegations in paragraph 3 of the Complaint are denied and strict proof thereof demanded.

4. The allegations in paragraph 4 of the Complaint do not appear to require a response from Defendant. However, to the extent a response may be required, the allegations of paragraph 4 of the Complaint are denied and strict proof thereof demanded.

5. Defendant admits Plaintiff is a former employee and that she worked in the plant located in Eufaula, Alabama. The remaining allegations in paragraph 5 of the Complaint are denied and strict proof thereof demanded.

6. Defendant admits it is a business corporation formed in the State of Alabama under the provisions of the Alabama Business Corporation Act. The remaining allegations in paragraph 6 of the Complaint are denied and strict proof thereof demanded.

7. The allegations in paragraph 7 of the Complaint do not appear to require a response from Defendant. However, to the extent a response may be required, the allegations of paragraph 7 of the Complaint are denied and strict proof thereof demanded.

8. Defendant admits Plaintiff was employed in October 2007. The remaining allegations in paragraph 8 of the Complaint are denied and strict proof thereof demanded.

9. The allegations in paragraph 9 of the Complaint are denied and strict proof thereof demanded.

10. The allegations in paragraph 10 of the Complaint are denied and strict proof thereof demanded.

11. The allegations in paragraph 11 of the Complaint are denied and strict proof thereof demanded.

12. The allegations in paragraph 12 of the Complaint are denied and strict proof thereof demanded.

13. The allegations in paragraph 13 of the Complaint are denied and strict proof thereof demanded.

14. The allegations in paragraph 14 of the Complaint are denied and strict proof thereof demanded.

15. The allegations in paragraph 15 of the Complaint are denied and strict proof thereof demanded.

16. The allegations in paragraph 16 of the Complaint are denied and strict proof thereof demanded.

17. The allegations in paragraph 17 of the Complaint do not appear to require a response from Defendant. However, to the extent a response may be required, the allegations of paragraph 17 of the Complaint are denied and strict proof thereof demanded.

18. The allegations in paragraph 18 of the Complaint are denied and strict proof thereof demanded.

19. The allegations in paragraph 19 of the Complaint are denied and strict proof thereof demanded.

20. The allegations in paragraph 20 of the Complaint are denied and strict proof thereof demanded.

21. The allegations in paragraph 21 of the Complaint are denied and strict proof thereof demanded.

22. The allegations in paragraph 22 of the Complaint are denied and strict proof thereof demanded.

23. The allegations in paragraph 23 of the Complaint are denied and strict proof thereof demanded.

24. The allegations in paragraph 24 of the Complaint are denied and strict proof thereof demanded.

25. Plaintiff has not satisfied all conditions precedent to the filing of her complaint.

26. Plaintiff's lawsuit was not filed within 90 days of her receipt of the Right to Sue letter.

27. Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior by its employees. Defendant promulgated and disseminated nondiscrimination and anti-harassment policies to its employees. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant.

28. Defendant states that any award of punitive damages to Plaintiff would constitute a violation of applicable constitutional and statutory standards and safeguards.

29. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

30. Plaintiff was terminated by Defendant for legitimate, non-discriminatory reasons, including the failure to satisfactorily perform her job duties.

31. Defendant would have made the same decision concerning Plaintiff's employment status irrespective of her gender, national origin, race or alleged pregnancy.

32. Defendant reserves the right to supplement and amend this Answer.

Respectfully submitted this 22nd day of December 2008.

/s/ G. R. "Rick" Trawick
G. R. "Rick" Trawick (Ala - TRA 007)
Attorney for Defendant
Hyundai Polytech America Company, Inc.

SLATEN & O'CONNOR, P.C.
Winter Loeb Building
105 Tallapoosa Street, Suite 101
Montgomery, Alabama 36104
(334) 396-8882 Telephone
(334) 398-8880 Facsimile
rtrawick@slatenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 22nd day of December 2008, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following, and that I have mailed a copy to non-CM/ECF participants by placing a copy of the foregoing in the U.S. Mail, first-class postage prepaid:

Jerry Roberson (ROB 010)
Roberson &Roberson
3765 Kinross Drive
P.O. Box 380487
Birmingham, AL 35238
Telephone: 205-981-3906
Facsimile: 205-981-3908

Albert H. Adams, Jr. (ADA 058)
520 South Eufaula Avenue, Suite E
P. O. Box 670
Eufaula, AL 36072
Telephone: 334-687-1326
Facsimile: 866-910-9989

/s/ G. R "Rick" Trawick
G. R. "Rick" Trawick